

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-8-2007

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5265

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Johnson" (2007). *2007 Decisions.* Paper 1505.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1505

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No.: 05-5265

UNITED STATES OF AMERICA

v.

LAWRENCE W. JOHNSON,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No.: 04-290
District Judge: The Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 14, 2006

Before: SMITH and ROTH, *Circuit Judges*,
and YOHN, *District Judge\**

(Filed: March 8, 2007)

_____

OPINION

_____

_____

*The Honorable William H. Yohn Jr., Senior District Judge for the Eastern District
of Pennsylvania, sitting by designation.

YOHN, *District Judge.*

On September 17, 2004, Lawrence W. Johnson pled guilty to violating 18 U.S.C. § 922(g)(1), which prohibits convicted felons from possessing firearms. As a result, the District Court sentenced Johnson to 100 months of imprisonment and three years of supervised release. Johnson appeals the judgment of sentence. We will affirm.

**I.**

On January 10, 2004, Camden police, patrolling an area known for drug-trafficking, observed Johnson engage in an apparent drug transaction by handing another individual a small object in exchange for money. As the police approached, Johnson removed a handgun from his sleeve, placed it in his hand, and fled. The police apprehended Johnson and thereafter performed a search incident to arrest. The search produced a loaded nine-millimeter handgun bearing a defaced serial number, a plastic package containing forty-two bags of cocaine (total net weight: 3.0g), three bags of marijuana (total net weight: 2.4g), and $402.00.

Johnson was charged with violating § 922(g)(1) and (2), which prohibit fugitives and convicted felons from possessing firearms. Johnson entered into a plea agreement on August 9, 2004, wherein the parties agreed to a total offense level of twenty-one, and that no basis existed for an upward or downward departure not set forth in the agreement. The plea agreement notified Johnson that the sentencing judge and the probation office were not bound by the agreement. The District Court accepted Johnson's guilty plea at a

hearing held on September 17, 2004. At that hearing, Johnson admitted to the court that he had illegally possessed a firearm that had traveled in interstate commerce and that he had a prior felony conviction. Johnson did not admit the firearm's serial number had been defaced.

A sentencing hearing was scheduled for November 18, 2004. The Probation Office prepared a Presentence Investigation Report ("PSI") for the hearing. The PSI calculated a total offense level of twenty-seven, six levels over the total offense level in the plea agreement, after finding two sentencing enhancements: (1) a two-level increase for possession of a firearm with an obliterated serial number, and (2) a four-level increase for possession of a firearm in connection with another felony offense (distribution of drugs). The PSI also reported a criminal history category of IV. Based on the foregoing findings, the PSI concluded that the range of imprisonment under the Sentencing Guidelines was 100 to 120 months. Johnson objected to the PSI's two sentencing enhancements.

At the sentencing hearing, Johnson renewed his objections to the sentencing enhancements. Johnson argued that the District Court could not assess the sentencing enhancements because they required the court to find facts that were neither admitted by Johnson nor found beyond a reasonable doubt by a jury. In the alternative, Johnson argued that if the District Court could make such findings of fact, there was still an insufficient basis of evidence to support the sentencing enhancements. The government

declined to present evidence because to do so would violate the terms of the plea agreement. However, the District Court called the probation officer who prepared Johnson's PSI to testify. The probation officer testified that, in preparing the PSI, he relied on his interviews with Johnson; reports prepared by the Department of Treasury and the Bureau of Alcohol, Tobacco, and Firearms; and incident reports from the Camden police. Thereafter, the District Court overruled Johnson's objections and found, by a preponderance of the evidence, that there was a factual basis with sufficient indicia of reliability to support the sentencing enhancements. The District Court then sentenced Johnson to 100 months of imprisonment and three years of supervised release.

On December 30, 2004, Johnson filed a motion for an extension of time to file his appeal, which the District Court granted. Johnson then appealed. Before we issued a briefing schedule for Johnson's appeal, the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). In light of *Booker*, we granted a motion for summary remand filed by Johnson. On November 22, 2005, the District Court held a re-sentencing hearing. At the hearing, Johnson repeated his objections. In addition, Johnson argued that a sentence below the applicable advisory Guidelines range of 100 to 120 months was "sufficient, but not greater than necessary" to fulfill the purposes of 18 U.S.C. § 3553(a). The District Court again overruled Johnson's objections, and found, applying the clear and convincing standard of proof, that the evidence supported the sentencing enhancements. The District Court went on to state that it needed to evaluate the §

4

3553(a) factors to ensure that the Sentencing Guidelines were "reasonable." After considering the § 3553(a) factors, the District Court sentenced Johnson to 100 months of imprisonment and three years of supervised release. Johnson timely appealed the judgment of sentence.[1]

**II.**

On appeal, Johnson presents this court with three issues. First, Johnson asserts that the District Court violated his Fifth Amendment due process rights by making factual findings at sentencing that were neither admitted by him nor found beyond a reasonable doubt by a jury. Second, Johnson claims that the District Court erred when it evaluated the § 3553(a) factors to determine whether the Sentencing Guidelines were "reasonable." Lastly, Johnson argues that his sentence was unreasonable.

**III.**

Johnson contends that the District Court violated his due process rights under the Fifth Amendment by applying the preponderance of the evidence standard in making findings of fact underlying his sentencing enhancements–a two-level increase for possession of a firearm with an obliterated serial number and a four-level increase for possession of a firearm in connection with another felony offense. He asserts that due

---

[1]We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because it is a final decision of the District Court, and pursuant to 18 U.S.C. § 3742(a)(1) for sentences imposed in violation of the law. *See United States v. Cooper*, 437 F.3d 324, 326-28 (3d Cir. 2006).

process required the District Court to employ the beyond a reasonable doubt standard in finding facts relevant to sentencing enhancements. This court recently rejected this very argument in *United States v. Grier*, 2007 U.S. App. LEXIS 2483, at **8-29 (3d Cir. Feb. 5, 2007) (en banc).

In *Grier*, we held that "[u]nder an advisory Guidelines scheme, district courts should continue to make factual findings by a preponderance of the evidence and courts of appeals should continue to review those findings for clear error." 2007 U.S. App. LEXIS 2483, at *8. Thus, we affirmed the District Court's "decision to apply the preponderance standard to all facts relevant to the Guidelines, including the finding that Grier committed the offense of conviction in connection with an aggravated assault . . . ." *Id*. at *29. Here, although the District Court ultimately applied the incorrect burden of proof–the clear and convincing standard–in making findings of fact supporting Johnson's sentencing enhancements, Johnson was obviously not prejudiced by the District Court's application of a burden of proof more favorable to him than the court's initial preponderance of the evidence standard. Moreover, the initial preponderance of the evidence standard is in accord with *Grier*. Therefore, we conclude that Johnson was not prejudiced by the District Court's application of the clear and convincing standard.

Johnson next argues that the District Court erred by incorrectly evaluating the § 3553(a) factors. Prior to its consideration of these factors, the District Court stated: "Well, let me go through [§] 3553 because I need to find that the Sentencing Guidelines

6

are *reasonable*." (App. 114 (emphasis added).) Because Johnson did not object to this

issue below, we will review for plain error. Under the plain error standard of review, a

defendant must demonstrate a plain error exists that affects his substantial rights in a

prejudicial manner. *United States v. King*, 454 F.3d 187, 193 (3d Cir. 2006) (citing

*United States v. Evans*, 155 F.3d 245, 251 (3d Cir. 1998)). Even when a defendant

satisfies this burden, we will "exercise our discretion to correct the error only if it

'seriously affects the fairness, integrity or public reputation of the judicial proceedings.'"

*United States v. Adams*, 252 F.3d 276, 285 (3d Cir. 2001) (quoting *United States v.*

*Olano*, 507 U.S. 725, 735-36 (1993)).

We agree that the District Court incorrectly articulated its function in evaluating

the § 3553(a) factors.[2] District Courts do not evaluate the § 3553(a) factors to determine

whether the advisory Sentencing Guidelines are "reasonable." Rather, that is the proper

standard for this court to apply in reviewing sentences on appeal. District Courts should

examine the § 3553(a) factors and impose a sentence that is "sufficient, but not greater

than necessary" to meet the purposes of sentencing. However, while Johnson has

demonstrated that error exists, he does not present any argument as to how he was

---

[2]The mere fact that the District Court did not explicitly state that the sentence was "sufficient, but not greater than necessary" to carry out the purposes of sentencing does not constitute plain error in and of itself. *See Cooper*, 437 F.3d at 332 ("There are no magic words that a district judge must invoke when sentencing, but the record should demonstrate that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record.").

7

prejudiced by the error.

Our independent review of the record leads us to conclude that Johnson was not prejudiced by the error, and that nothing will be gained by remanding this case. At sentencing, the District Court stated:

> In light of [§] 3553, the nature and circumstances of the offense, the history and characteristics of the defendant. Congress said this is a very serious offense. It's punished very severely. It's a gun charge. It's a good reason for Congress to want to target these kinds of crimes because of their effect on our communities. History and characteristics of the defendant. I mean it's pretty clear through the [PSI] about his prior convictions. His employment history, short term temporary jobs. He did get his GED. Some drug use, et cetera and all that. And I thought that by sentencing him to the very lowest term under the guideline provision I was taking into effect those things that have been noted by [defendant's counsel]. The need for the sentence imposed, to reflect the seriousness of the crime, promote respect for the law, provide just punishment. I think the sentence did and will afford adequate deterrence to criminal conduct. This is one of those situations where I'm not sure anything I do is going to deter this defendant from committing further crimes. Hopefully, it will deter others from committing this sort of crime. Protect the public from further crimes of the defendant? I have no confidence whatsoever that he has straightened out his life and he will not commit crimes in the future. In fact, my feeling is he probably will. And to provide the defendant with the needed education or vocational training or medical care or other correctional treatment in a most effective manner. No real indication he needs any medical treatment or any other kind of mental health treatment, which I don't think that's a very important factor.

(App. 102.) After this consideration of the relevant factors, the court imposed a sentence that was at the very bottom of the applicable Guidelines range. Our review of the record

8

leads us to conclude that the District Court meaningfully considered the § 3553(a) factors to reach a sentence that it determined was "sufficient, but not greater than necessary" to fulfill the purposes of sentencing. In addition, before the court began to articulate its consideration of the relevant factors, Johnson specifically argued to the District Court that a sentence within or above the Guidelines range was "greater than necessary." The court implicitly rejected this argument based on the reasons it stated above. We therefore conclude, while recognizing that the District Court erred in articulating its function, that Johnson is unable to demonstrate that he was prejudiced by the District Court's error.

Likewise, we conclude that Johnson cannot show that the sentence imposed by the District Court is unreasonable. After *Booker*, we must review a sentence for reasonableness in light of the § 3553(a) factors. *See Cooper*, 437 F.3d at 327-28. The party challenging the sentence has the burden of demonstrating unreasonableness. *Id*. at 332. "To determine if the court acted reasonably in imposing the resulting sentence, we must first be satisfied the court exercised its discretion by considering the relevant factors." *Id*. at 329. Further, "we must also ascertain whether those factors were reasonably applied to the circumstances of the case. In doing so, we apply a deferential standard, the trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the case." *Id*. at 330 (citing *United States v. Bennett*, 161 F.3d 171, 196 (3d Cir. 1998)). Finally, "it is less likely that a within-guidelines sentence, as opposed to an outside-guidelines sentence, will be

9

unreasonable." *Cooper*, 437 F.3d at 331.

Johnson argues that the imposed sentence is unreasonable because the District Court placed undue emphasis on the Guidelines and gave insufficient consideration to the mitigating factors, including "the disparate impact of Johnson's criminal history on the guidelines calculation for the instant offense, the unique circumstances of the offense, and Johnson's impeccable behavior while on bail." We disagree.

In the present case, we are satisfied that the District Court meaningfully considered the relevant factors and applied them to the circumstances of Johnson's case. As shown above, the District Court provided substantive content and rationale, with specific reference to the § 3553(a) factors, as to how it reached Johnson's final sentence. Among other things, the District Court noted the seriousness of the offense, the need for deterrence, and its lack of confidence that "[Johnson] has straightened out his life and [that] he will not commit crimes in the future." (App. 102.) In addition, the District Court explicitly took into consideration the mitigating factors of Johnson's case. After doing so, the District Court imposed a sentence at the very bottom of the applicable Guidelines range. Therefore, because the District Court meaningfully considered the relevant § 3553(a) factors and reasonably applied them to the circumstances of Johnson's case, we conclude that Johnson's sentence is not unreasonable.

**IV.**

For the foregoing reasons, we will affirm the District Court's judgment of sentence

10

imposed on Johnson.